Norma Johnson NARISI, Appellant,

v.

**LEGEND DIVERSIFIED
INVESTMENTS,**
Appellee.

No. 05–85–00424–CV.

Court of Appeals of Texas,
Dallas.

May 28, 1986.

Rehearing Denied July 15, 1986.

E. Eldridge Goins, Jr., Dallas, for appellant.

J. Michael Tibbals, Dallas, for appellee.

Before McCLUNG, SCALES and STEW-ART,[1] JJ.

McCLUNG, Justice.

Norma Johnson Narisi, the mortgagee under a deed of trust, appeals the trial court's judgment denying judicial foreclosure, and granting the mortgagor, Legend Diversified Investments, declaratory relief and attorney's fees. Narisi contends that the trial court misinterpreted the covenant of good repair, that its finding of fact that the property was in good repair, that its finding of fact that the property was in good repair is contrary to the great weight and preponderance of the evidence, and that as a matter of law Legend was not entitled to recover fees. With respect to her complaint regarding the attorney's fee

---

1. The late Justice Allen and Justice Zimmermann were members of the original panel. Justice Scales and Justice Stewart were assigned to replace them.

award, we hold that Narisi waived her complaint because she failed to raise the question in the trial court. Regarding the denial of foreclosure, we hold that even if the trial court misconstrued the covenant of good repair, the error would not require reversal because under the state of the record before us, its finding that the property was in fact in good repair is conclusive and provides an adequate basis for its judgment. Consequently, we affirm.

■ Narisi sued for judicial foreclosure of her interest in an apartment complex on the ground that Legend had breached its covenants in the deed of trust to both "keep the improvements ... in good repair and condition and not to permit or commit any waste thereof[.]" Legend denied breaching either covenant and counterclaimed for declaratory judgment and its attorney's fees. The case was tried before the court. After hearing the testimony of both parties' witnesses, the trial court, at the request of both parties, inspected the property in person. In support of its judgment, the trial court entered in the record a written opinion, findings of fact, and conclusions of law.[2]

While containing numerous findings, the record reflects that the trial court, in essence, found that: (1) the value of the property was greater than the outstanding indebtedness on the note secured by the deed of trust; (2) the ratio of property value to outstanding debt had not decreased; (3) the property was in good repair both without qualification and when compared to similar properties; and (4) the amount of Legend's reasonable and necessary attorney's fees was $33,162.60. From these facts the trial court concluded that Narisi had failed to prove a breach of either the covenant of good repair or the covenant against wasting the improvements, and that Legend was entitled to declaratory judgment to that effect and to

its attorney's fees. Narisi does not complain of the trial court's finding Legend had not violated the covenant against waste.

■ First, we address Narisi's claim that the evidence was factually insufficient to support the trial court's finding of fact that the property was in good repair. Ordinarily, a complete review of all the evidence would be required to determine whether these findings were manifestly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629 (1986). However, with this record this task is impossible because that part of the evidence that the trial court obtained through its inspection of the property is not in the record before us. In similar situations, such as where the record on appeal only contains a partial statement of facts, the omitted portions of the record must be presumed to contain both legally and factually sufficient evidence and, therefore, the conclusions of the trier of fact are binding on the appellate court. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Muller v. Leyendecker*, 697 S.W.2d 668, 675–76 (Tex.App.—San Antonio 1985, n.r.e.).

■ Although we are unable to locate any authority specifically on point, we hold that the same presumption should apply to the present case because we would otherwise be forced to ignore the data gathered by the judge during his view of the apartment complex. When the entire lawsuit turns, as does this one, upon the condition of a tangible item, a view of that item could reasonably be the most highly persuasive evidence presented in that the trier of fact receives the evidence directly and need not be concerned with resolving inconsistencies in testimony or weighing the credibility of witnesses. Therefore, because the record does not reflect what the trial judge discovered when he inspected the apartment com-

---

2. Although not made a point of error, Narisi complains about when the supplemental findings and conclusions were filed. Even if they were filed late, which we do not decide here, we may consider them because appellant neither filed a motion to strike, *City of Roma v. Gon-*

*zales,* 397 S.W.2d 943, 944 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.), nor has she shown that she was harmed by the delay in the filing. *Fonseca v. County of Hidalgo,* 527 S.W.2d 474, 480 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

plex, we apply the presumption that the evidence omitted from the record was both legally and factually sufficient to support his finding that the property was, without qualification, in good repair and that it was in good repair when compared to properties of a similar nature.

Narisi contends that comparison to other properties is improper because the covenant in the deed of trust recites only that the property must be maintained in "good repair" and that this means "good repair" in an absolute sense. This argument is untenable in view of the preceding discussion and in view of the fact that the trial court entered a finding that affirmatively states that the court found the property to be in good repair.

■ Narisi also complains that the trial court erred when it concluded that as a matter of law one does not breach the covenant of good repair unless either the ratio of the property value to the outstanding indebtedness decreases or the value of the property decreases below the unpaid balance of the underlying obligation. In its memorandum opinion, which we treat as findings of fact and conclusions of law, the trial court reasoned that because Texas follows the lien theory of mortgages, the mortgagee only has the right to repayment rather than an interest in the property itself and, therefore, has no standing to complain of the condition of the property as long as its value is adequate to secure the mortgagee for the repayment of the debt to the same degree as when the deed of trust was executed. Narisi complains that this reasoning is erroneous because it ignores the fact that the note between Legend and Narisi provides that Narisi has no recourse upon default other than foreclosure, and because the trial court has construed the covenant of good repair to extend no further than the covenant against waste. We find it unnecessary to pass on the question of whether this rea-

soning is correct. A fair reading of the findings and conclusions reveals the court found, as a matter of fact, that the property was in good repair, and we have already held that his finding was conclusive. That the court also justified its judgment with a legal conclusion which may be erroneous would at best be harmless error in light of the line of cases holding that if the judgment is otherwise correct, a reversal is not mandated by the fact that the judgment was based on an erroneous legal conclusion. *Vandever v. Goette,* 678 S.W.2d 630, 635 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Wirth v. Panhandle Pipe & Steel, Inc.,* 580 S.W.2d 58, 62–63 (Tex. Civ.App.—Tyler 1979, no writ); *City of Corpus Christi v. Davis,* 575 S.W.2d 46, 55 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Mercedes Dusting Service, Inc. v. Evans,* 353 S.W.2d 894, 895 (Tex.Civ.App. —San Antonio 1962, no writ). For these reasons, we overrule Narisi's first three points of error.

In her final point of error, Narisi contends that Legend could not, as a matter of law, bring a declaratory judgment action as a counterclaim and, therefore, that the trial court erred in awarding attorney's fees under the act that was in effect when the judgment was signed.[3] Narisi reasons that attorney's fees as provided under section 10 of the former declaratory judgment act did not authorize the recovery of attorney's fees by Legend because the declaratory judgment action was not proper where the same questions raised in the counterclaim for declaratory judgment were already pending before the court by virtue of her claim for relief. In support of this contention, Narisi relies on *Joseph v. City of Ranger,* 188 S.W.2d 1013, 1014 (Tex.Civ. App.—Eastland 1945, writ ref'd w.o.m.), in which the court observed that the legislature did not intend to authorize defendants to bring a declaratory judgment action to determine rights already subject to determination in a pending suit. We have no

---

3. Act of April 26, 1943, ch. 164, 1943 Tex.Gen. Laws 265, *amended by* Act of May 25, 1981, ch. 190, § 1, 1981 Tex.Gen.Laws 455, *repealed by* Act of June 16, 1985, ch. 959, § 9, 1985 Tex.

Sess.Law Serv. 7218 (Vernon) (formerly Article 2524–1 of the Revised Civil Statutes, now codified in sections 37.001 through 37.011 of the Civil Practice and Remedies Code).

quarrel with that well-settled proposition. *Texas Liquor Control Board v. Canyon Creek Lake Corp.,* 456 S.W.2d 891, 895 (Tex.1970); *Johnson v. Hewitt,* 539 S.W.2d 239, 240–241 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

If we assume, but do not hold, that the counterclaim for declaratory judgment involved no matter not already before the court, we still are not able to sustain this point of error because Narisi failed to properly except to the counterclaim or otherwise raise the issue until *after* the judgment was signed. Rule 90 of the Texas Rules of Civil Procedure specifies that "every defect, omission or fault in a pleading either of form or substance, which is not specifically pointed out by exception in writing and brought to the attention of the trial judge in the trial court ..., in a nonjury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account...." Although Narisi directed an exception to the counterclaim, such exception complained only of the vagueness and ambiguity of the language. She neither excepted specifically on the ground urged on appeal nor, insofar as we can ascertain from the record before us, did she obtain a ruling on any of the special exceptions presented.

We follow the rationale recently expressed by the supreme court that even if a prior mandate of that court had legally precluded the reassertion of certain causes of action, when the defendant failed to specially except as required by rule 90 to the reassertion of those causes of action, the plaintiff should not be denied recovery thereon because the defendant had waived any error by failing to specially except. *Estate of Stonecipher v. Estate of Butts,* 686 S.W.2d 101, 103 (Tex.1985). We hold that if Legend should not otherwise be entitled under the law to recover attorney's fees on its declaratory judgment counterclaim, Narisi has waived the error by her failure to specially except and obtain a ruling on her exceptions or otherwise apprise the trial court of her complaint before the judgment was signed. Tex.R.Civ.P. 90; *Steahr v. Clark,* 535 S.W.2d 39, 41 (Tex. Civ.App.—Austin 1976, no writ); 2 R. McDonald, *Texas Civil Practice in District and County Courts,* § 5.18 (1982); 3 R. McDonald, *Texas Civil Practice in the District and County Courts,* § 10.14.2 (1983). Accordingly, Narisi's final point of error is overruled.

The judgment of the trial court is affirmed.