JOHN CHEZIK BUICK COMPANY, Appellant,

v.

FRIENDLY CHEVROLET CO., Appellee.

No. 05–87–00666–CV.

Court of Appeals of Texas, Dallas.

April 12, 1988.

Jeffrey L. Clark, Dallas, for appellee.

Charles F. Holmans, Dallas, for appellant.

Before ENOCH, C.J., and WHITHAM and ROWE, JJ.

ROWE, Justice.

John Chezik Buick Company (Buick) appeals a trial court judgment in excess of $37,000.00 in favor of Friendly Chevrolet Company (Chevrolet). Judgment was based on a jury finding that a Corvette automobile was purchased "for the account of" Buick. Buick brings sixteen points of error asserting that the jury instructions assumed an agency relationship and therefore commented on the evidence, that there was no or insufficient evidence to support a finding of agency, and that the trial court erred in failing to submit Buick's issue on attorney fees. We hold that there is no evidence of agency as a matter of law and therefore reverse and render a judgment in favor of Buick. However, we also hold that Buick is not entitled to counterclaim

for a declaratory judgment and therefore is not entitled to attorney fees. Consequently, we overrule that point of error concerning Buick's attorney fees.

This case arises out of the purchase of a Corvette from Chevrolet, a Dallas dealership. The record reflects that on April 19, 1983, Jay Tschirner came to the business premises of Chevrolet in Dallas and negotiated the wholesale transfer of a new '84 model Corvette from Chevrolet to Buick, a Kansas City dealership. Chevrolet called the General Motors regional office and verified that Buick was a valid dealership in good standing. Next, Chevrolet called Buick and ascertained that Buick would honor a draft for the wholesale price of the car. The Corvette was then released to Jay Tschirner, and the draft was subsequently honored by Buick. The sale was handled as an interdealer transfer where no taxes are charged, no commissions or profits are made, and no title is issued.

Nine days after this first sale, Jay Tschirner again came to Chevrolet's premises seeking to make another purchase in a manner similar to the first transfer. Chevrolet agreed to the sale but made no attempt to verify Tschirner's authority to again "finance" the purchase through Buick. The Corvette was released to Tschirner from whom it was ultimately stolen and wrecked. Buick refused to honor the draft on the second sale. The sales document on this second transfer was captioned as a "retail" form and stated that the Corvette was sold to Jay Tschirner of Roanoke, Texas, and was signed by Jay Tschirner as purchaser. The only mention of Buick was found under the customer financing portion of the form. Again the car was sold at cost, and no taxes or other charges were added.

The main issue at the trial court was one of agency. At trial and again on appeal, Chevrolet argues that Buick is precluded from challenging the agency relationship because it failed to deny the relationship in a verified pleading as required by Rule 93 of the Texas Rules of Civil Procedure. The trial court overruled this objection to the defense. We agree that this disposition was proper.

▌ Chevrolet does not specifically identify which subsection of Rule 93 is applicable; but after review, we find two possibilities. Section 2 of Rule 93 requires that an assertion "that the defendant is not liable in the capacity in which he is sued" must be verified. In this case, Chevrolet sued Buick as a *principal* liable for a transaction entered into by its agent. Buick denied this principal status and therefore asserted that it is not a party to the contract sued upon. Rule 93(2) refers to mistaken legal capacity and does not require a party to allege in a verified pleading that he is not a party to the contract. *Miles v. Plumbing Services of Houston, Inc.*, 668 S.W.2d 509, 512–513 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Furthermore, it has long been the rule that an agency relationship need not be denied in verified pleadings. *Risinger v. Fidelity and Deposit Company of Maryland*, 437 S.W.2d 294, 297 (Tex.Civ.App.—Dallas 1969, no writ).

Rule 93(7) may also be applicable here. This section requires that when suit is based on a written instrument charged to have been executed by a party or his authority, denial of that execution must be verified. *Miles* is again applicable in its holding that a denial of being a *party* to a contract need not be verified. *Miles*, 668 S.W.2d at 512. In addition, the penalty for not denying an instrument is that the instrument is received into evidence as fully proved. *Bangor Punta Acceptance Corp. v. Palm Center R.V. Sales, Inc.*, 661 S.W.2d 237, 239 (Tex.App.—Houston [1st dist.] 1983, no writ). The written instrument in this case does not, on its face, prove a contract to which Buick was a party. Therefore, no liability can be established from the instrument without linking Jay Tschirner to Buick, i.e. through an agency relationship. Consequently, Buick was not required to make a verified pleading before asserting the defense of lack of agency.

The fact that Jay Tschirner was not an employee of Buick is undisputed. The question at trial was whether Tschirner

had apparent authority to bind Buick to the contract, thus making Buick liable for the cost of the second Corvette. Buick's first fourteen points of error, as well as point of error sixteen, all complain in one manner or another of the evidence supporting the implied agency finding in the trial court's judgment. We focus on the ninth point of error which asserts that the "court below erred in denying Defendant's Motion for New Trial because there was no evidence that Defendant, by its words or conduct, held out JAY TSCHIRNER to be its agent for purchasing a Corvette automobile on or about April 28, 1983."

In order to find apparent authority, there must be evidence of a pattern of conduct by the alleged principal that would lead a reasonable person to believe that the alleged agent had authority to act in favor of the principal. *Ames v. Great Southern Bank,* 672 S.W.2d 447, 450 (Tex.1984). The principal must knowingly permit the agent to hold himself out as having authority or the principal's conduct must clothe the agent with the *indicia* of authority. *Id.* In this case, the record shows that Buick directly participated in only one transaction. It affirmatively guaranteed and later honored the draft on the first Corvette sale. Buick and Chevrolet only communicated once concerning any transaction involving Tschirner. One prior transaction, as a matter of law, is insufficient evidence to establish an agency relationship. *Id.* The *Ames* Court, considering a similar problem, held the following:

> The record reveals only one uncontroverted prior transaction where Dealy is alleged to have acted on behalf of Ames personally. We, therefore, hold there is no evidence of a pattern of conduct by Ames such as would lead a reasonable bank using due diligence to believe Suzanne Dealy had authority to deal with Ames' personal bank account or her personal certificate of deposit.

This one prior transaction rule has long been recognized in Texas. One similar business transaction, involving an entirely different and independent matter, is not sufficient by itself to justify an assumption of agency on all future transactions. *Owens v. Hughes,* 71 S.W. 783, 783 (Tex.Civ. App.1903, no writ). Consequently, we hold that there was no evidence to support an implied agency finding and therefore sustain Buick's ninth point of error. Accordingly, although this point on its face complains of error asserted in a new trial motion, we reverse and render judgment in favor of Buick based thereon because the procedural predicate for the point clearly shows that it challenges the legal insufficiency of evidence respecting agency. *See Olin Corp. v. Dyson,* 678 S.W.2d 650, 657 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds,* 692 S.W.2d 456 (Tex.1985). Having sustained Buick's ninth point of error which is dispositive of this appeal, we do not expressly rule on the remaining agency points.

Buick's fifteenth point of error complains of the trial court's failure to submit to the jury an issue on its attorney fees. Buick bases its right to recover attorney fees on its counterclaim for declaratory judgment. The Texas Declaratory Judgment Act provides that the petitioner may recover attorney fees. TEX.CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). However, the Declaratory Judgment Act is not available to settle disputes already pending before a court. *Johnson v. Hewitt,* 539 S.W.2d 239, 240–241 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Joseph v. City of Ranger,* 188 S.W.2d 1013, 1014 (Tex.Civ.App.—Eastland 1945, writ ref'd w.o.m.). In this case, Buick brought a counterclaim in which it prayed for a declaratory judgment as to any agency relationships, thus determining the rights of the parties. This controversy was already before the trial court under Chevrolet's action for relief under the sales contract. Consequently, Buick was not entitled to relief under the Declaratory Judgment Act in the form of a counterclaim. The identical conclusion was heretofore reached by this Court in *Narisi v. Legend Diversified Investments,* 715 S.W.2d 49, 51–52 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). In *Narisi* we recognized that a counterclaim under the Declaratory Judgment Act, presenting no new controversies

but brought solely to pave an avenue to attorney fees, was not proper. However, the party's failure to specifically object to the award of attorney fees precluded the appellate court from granting relief. In our current case, the trial court properly denied Buick's issue on attorney fees, and we follow *Johnson, Joseph,* and *Narisi* in overruling Buick's fifteenth point of error complaining of that denial.

Buick directs this Court to the recent case of *Placid Oil Co. v. Louisiana Gas Intrastate, Inc,.,* 734 S.W.2d 1, 5–6 (Tex. App.—Dallas 1987, writ ref'd n.r.e.), in which this Court allowed the recovery of attorney fees under a Declaratory Judgment counterclaim. However, *Placid Oil* is distinguishable in that the Declaratory Judgment counterclaim in that case had greater ramifications than the original suit. Placid Oil originated the suit for underpayment of gas royalties by Louisiana Gas Intrastate, Inc. (L.G.I.). However, the contract being sued upon was an ongoing and continuing relationship. The original suit only requested relief for alleged underpayments that had accrued in the past. L.G.I. counterclaimed for a contract interpretation that would settle all future disbursements of royalties. Because this further remedy was sought in the counterclaim, an award of attorney fees was properly authorized in that case. In our current case, the harm sued upon was a one time occurrence that is fully covered by Chevrolet's original suit. Accordingly, Buick's fifteenth point of error is overruled.

Having found that there is no evidence of an agency relationship to support the jury finding that the Corvette in question was purchased for the account of Buick, we reverse the trial court's judgment and render a judgment that Chevrolet take nothing in this suit. Furthermore, since Buick's Declaratory Judgment Act counterclaim was not properly brought in this case, we disallow any award of attorney fees under that act.