THOMAS 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00358-CV







Diana Jane Thomas, Appellant




v.




Hubert Michael Thomas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 93-05596, HONORABLE JERRY A. DELLANA, JUDGE PRESIDING







 This is an appeal from a judgment in a suit involving the collection of installment
payments under an alimony contract entered into as part of the divorce settlement between
appellant Diana Jane Thomas and appellee Hubert Michael Thomas. Appellee filed suit for
declaratory judgment, claiming that all rights and obligations of the parties under the alimony
contract had been fully and finally resolved in a prior proceeding in Limestone County. Appellant
filed a counterclaim in which she alleged breach of contract. The trial court granted appellee's
motion for partial summary judgment, concluding that appellee no longer had a contractual
obligation to make alimony payments and that the doctrines of res judicata, collateral estoppel,
and judicial estoppel barred appellant's recovery in this suit. We will affirm the trial court's
judgment.



BACKGROUND


 Appellant and appellee were divorced in 1989. As part of the divorce settlement,
appellee agreed to pay contractual alimony to appellant. In December 1991, appellant sued
appellee in Limestone County, alleging breach of the alimony contract as well as anticipatory
repudiation of the contract and seeking judgment for all payments due, both past and future, under
the alimony contract (the "Limestone County litigation"). The case went to trial on November
9, 1992, and at the conclusion of the evidence, the trial court submitted to the jury questions on
both breach and repudiation accompanied by instructions as to the meanings of each. The
question and answers to Question Two were, in pertinent part:



Did Mike Thomas materially breach and/or repudiate the contract, if any, you have
found in response to Question No. 1?


(a) Breach: Yes


(b) Repudiation: Yes



The jury assessed $100,000 in damages for breach of contract but found zero damages for
repudiation. The trial court granted appellee's motion for judgment notwithstanding the verdict,
thereby reducing the damages for breach of contract to $68,000 for the past due and unpaid
alimony payments for August 1991 through November 1992. Appellant filed a motion for
severance and new trial on the issue of anticipatory repudiation, which was overruled by operation
of law. She did not appeal from the judgment, which thus became final.

 In April 1993, appellant sent appellee a demand letter for alimony payments due
under the same alimony contract that was the subject of the Limestone County litigation. In
response, appellee filed a suit for declaratory relief, requesting a Travis County district court to
find that the rights and obligations of the parties under the alimony contract had been fully and
finally adjudicated in the Limestone County lawsuit. Appellant counterclaimed to collect the
contractual alimony payments that she alleged were due and unpaid from December 1992 forward. 
She then filed a motion for partial summary judgment on her suit to recover the unpaid alimony
installments, reserving the issue of attorney's fees for hearing. Appellee responded by filing a
motion for partial summary judgment, contending that appellant's prior suit for anticipatory
breach terminated the contract and that her suit for breach of contract was barred by res judicata,
collateral estoppel, and judicial estoppel. The trial court granted appellee's motion and rendered
a partial summary judgment. After a trial on the attorney's fees issue, the trial court rendered a
final order awarding appellee declaratory relief and attorney's fees.



DISCUSSION


 Appellant contends that the trial court erred in granting appellee's motion for partial
summary judgment and in denying her own motion. She asserts in her first, second, and third
points of error that the trial court erred in holding that her cause of action was barred by the
doctrines of res judicata, collateral estoppel, and judicial estoppel. In her fourth, fifth, and
seventh points of error, she argues that the trial court erred in holding that all rights and
obligations of the parties had been fully and finally resolved in the Limestone County litigation,
in holding that appellee's contractual obligations under the contract were terminated after
November 1992, and in denying her motion for partial summary judgment.

 Appellant asserts that the entire case turns on the doctrine of election of remedies,
not on the issues of res judicata, collateral estoppel, or judicial estoppel. Appellant contends in
her brief:



Unless this Court finds that Appellant's claim is somehow barred because the
judgment entered in the first case was necessarily based on a finding that Appellant
elected her remedy to sue for collection of installments due under the contract in
the future by asserting a cause of action for anticipatory breach of the alimony
contract, Appellant must prevail on this appeal.



We agree that this case does not turn on issues of res judicata or judicial estoppel, and thus we
begin by addressing appellant's fourth, fifth, and seventh points of error. We will address
collateral estoppel as an alternate basis for our decision in a later section of this opinion.



A.  Election of Rights

 The central issue on appeal is whether appellant foreclosed her right to later sue
on the alimony contract when she "elected" to sue for anticipatory repudiation in the Limestone
County litigation. This issue turns on the doctrine of election of rights, not election of remedies. 
Courts have frequently failed to distinguish between a choice of inconsistent substantive rights
afforded by law and a choice of inconsistent remedies. However, this distinction is important:



 The doctrine of estoppel by election of inconsistent rights or remedies does not
seem to have been extensively discussed by the courts of this state, and there is
some confusion in the decisions. While the courts of our state have not clearly
recognized it, yet there is an important distinction between an election of rights and
an election of remedies. One is a choice between inconsistent substantive rights,
while the other is a choice between forms of action or procedure.



Seamans Oil Co. v. Guy, 262 S.W. 473, 474 (Tex. Comm'n App. 1924, judgm't adopted)
(emphasis added). (1)
 The general rule applicable to election is as follows:



 If one having a right to pursue one of several inconsistent remedies makes his
election, institutes suit, and prosecutes it to final judgment or receives anything of
value under the claim thus asserted, or if the other party has been affected
adversely, such election constitutes an estoppel thereafter to pursue another and
inconsistent remedy. And where the right in the subsequent suit is inconsistent
with that set up in the former suit, as distinguished from a merely inconsistent
remedy, the party is estopped though the former suit may not have proceeded to
judgment.



Seamans Oil Co. v. Guy, 276 S.W. 424, 426 (Tex. 1925) (emphasis added). See also Mooers v.
Richardson Petroleum Co., 294 S.W.2d 606, 609-10 (Tex. 1947); Stanolind Oil & Gas Co. v.
State, 114 S.W.2d 699, 708 (Tex. Civ. App.--Austin 1937), rev'd on other grounds, 133 S.W.2d
767 (Tex. 1939); Stine v. Producers' Oil Co., 203 S.W. 126, 129 (Tex. Civ. App.--Amarillo
1918, no writ). 

 Under Texas law, when one party repudiates a contract, the nonrepudiating party
has the right to accept the repudiation and bring a cause of action for damages immediately, or
to keep the contract alive and sue for damages as they accrue. See Continental Casualty Co. v.
Boerger, 389 S.W.2d 566, 569-70 (Tex. Civ. App.--Waco 1965, writ dism'd); see also Hardin
Assocs., Inc. v. Brummet, 613 S.W.2d 4, 6 (Tex. Civ. App.--Texarkana 1980, no writ) (noting
that upon repudiation, nonrepudiating party has right to maintain action at once for entire breach
and thus receive in damages present value of future payments due under contract). These are
inconsistent, substantive rights. Thus, when the nonrepudiating party decides to file a suit for
unaccrued future damages immediately upon repudiation of the contract, that party resolves the
right to recover such future contract payments "into a mere cause of action for damages," giving
up the right to later sue on the contract. Greenwall Theatrical Circuit Co. v. Markowitz, 79 S.W.
1069, 1071 (Tex. 1904). (2) "[A] contract cannot be thus treated, for one purpose, as subsisting,
and, for another purpose, as at an end. Upon such a repudiation . . . the other may make his
choice between the two courses open to him, but can neither confuse them together nor take
both." Id. at 1071-72. If the nonrepudiating party accepts the renunciation as terminating the
agreement, that party may not later sue on the contract. Humphrey v. Showalter, 283 S.W.2d 91,
94 (Tex. Civ. App.--Eastland 1955, writ ref'd n.r.e.).

 In the present case, appellant "elected" to terminate the contract when she chose
to sue for anticipatory repudiation instead of waiting to enforce the contract and sue to collect the
alimony installments as they became due and unpaid. (3) Not only did appellant elect to sue for
unaccrued future damages instead of waiting to enforce the contract, but she also chose not to
appeal the Limestone County verdict of zero damages for anticipatory repudiation and accordingly
allowed it to become a final judgment. Thus, the Travis County district court correctly
determined that all contractual obligations between appellant and appellee had been terminated and
that appellee had no obligation to make alimony payments after November 1992. We accordingly
overrule appellant's fourth, fifth, and seventh points of error.



B.  Collateral Estoppel

 There exists an alternative basis for affirming the trial court's judgment: 
appellant's suit for past due and unpaid alimony payments for December 1992 forward is barred
by the doctrine of collateral estoppel. Collateral estoppel precludes relitigation of any ultimate
issue of fact actually litigated and essential to the judgment in a prior suit. Tarter v. Metropolitan
Sav. & Loan Ass'n, 744 S.W.2d 926, 927 (Tex. 1988). To establish the elements of collateral
estoppel, a party must show: (1) the facts sought to be litigated in the second action were fully
and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first
action; and (3) the parties were cast as adversaries in the first action. Eagle Properties, Ltd. v.
Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990). The third element is clearly met: the parties in
the Travis County lawsuit were cast as adversaries in the Limestone County litigation. Therefore,
the question of whether collateral estoppel bars appellant's recovery in the second action turns on
the first two elements.

 We must first decide whether there was full and fair litigation of the same fact
issues in the previous Limestone County suit. Puga v. Donna Fruit Co., 634 S.W.2d 677, 680
(Tex. 1982). This requires a determination of (1) whether there was full and fair litigation and
(2) whether the fact issues in the two suits were the same. Courts consider a case to have been
fully litigated before a jury when the jury made findings on the fact issues raised in the pleadings
and the court rendered a final judgment. Cole v. G.O. Assocs., Ltd., 847 S.W.2d 429, 431 (Tex.
App.--Fort Worth 1993, writ denied). Appellant fully and fairly litigated the issue of payments
due under the contract after November 1992 in the first suit. The Limestone County jury found
that the alimony contract had been repudiated but awarded zero damages for unaccrued future
payments, and the trial court rendered judgment consistent with the jury's verdict. We also
conclude that the facts decided in the Limestone County suit are the same facts to be decided in
the current case. In both suits, the jury was called on to decide the extent of appellee's obligation
under the alimony contract to make payments after November 1992. Thus, appellee established
the first element of collateral estoppel.

 We must next examine the ultimate issues in the first suit to decide whether
appellee satisfied the second element of collateral estoppel that the fact issues litigated in the
Limestone County litigation were essential to the judgment. In her petition in the Limestone
County litigation, appellant elected to plead a cause of action for both breach of contract and
anticipatory repudiation; therefore, the jury questions and answers on the issue of repudiation and
damages arising from the repudiation were essential to establishing appellee's obligations under
the theory advanced by appellant. Thus, all the elements of collateral estoppel have been met, and
we hold that the Travis County district court correctly concluded that collateral estoppel barred
appellant's cause of action for damages arising from breach of contract after November 1992. 
Therefore, we overrule appellant's second point of error.



C.  Attorney's Fees

 In her sixth point of error, appellant claims the trial court erred in awarding
appellee attorney's fees on the ground that "the declaratory relief sought by appellee was no
greater than that sought by asserting his affirmative defenses and attorney's fees would not have
been recoverable if appellee had prevailed on affirmative defenses asserted in response to
appellant's claim for relief." After appellant threatened to sue appellee in an April 1993 demand
letter, appellee filed suit under the Uniform Declaratory Judgments Act ("UDJA") to ascertain his
rights and obligations under the alimony contract. Tex. Civ. Prac. & Rem. Code Ann.
§§ 37.001-.011 (West 1986 & Supp. 1995). After trial, the court awarded appellee reasonable
and necessary attorney's fees as authorized by the UDJA. Id. § 37.009.

 The grant or denial of attorney's fees in a declaratory judgment action lies within
the discretion of the trial court; therefore, we should not reverse the trial court's judgment on
attorney's fees absent a clear showing that the trial court abused its discretion. Oake v. Collin
County, 692 S.W.2d 454, 455 (Tex. 1985). The party seeking review of the trial court's award
of attorney's fees has the burden of presenting the reviewing court with a record showing that the
trial court abused its discretion in making the award. Tex. R. App. P. 50(d); Estopar Holdings,
Inc. v. Advanced Metallurgical Technology, Inc., 876 S.W.2d 205, 211 (Tex. App.--Fort Worth
1994, no writ). In the absence of a statement of facts on the attorney's fees issue, the appellate
court must presume that sufficient evidence was presented to support the findings and judgment
of the trial court. Carr v. Bell Sav. & Loan Ass'n, 786 S.W.2d 761, 765 (Tex. App.--Texarkana
1990, writ denied). Appellant did not file a statement of facts from the hearing at which the trial
court awarded attorney's fees, so we must presume that there was sufficient evidence before the
trial court to support its award of attorney's fees. We thus hold that the trial court did not abuse
its discretion in awarding attorney's fees to appellee. 

 Appellant argues that appellee is not entitled to attorney's fees because a petition
for declaratory judgment cannot be made the basis of a claim for attorney's fees if the declaratory
relief sought presents no controversies other than those raised in a cause of action that has fully
matured and provides for an appropriate remedy at law. Appellant in essence contends that she
could and did "moot" appellee's petition for declaratory relief by filing a counterclaim involving
the same issues presented by his suit for declaratory judgment. In support of her position,
appellant cites John Chezik Buick Co. v. Friendly Chevrolet Co., 749 S.W.2d 591 (Tex.
App.--Dallas 1988, writ denied) (involving a counterclaim for declaratory relief).

 Appellant has misconstrued the law. It is true that a party cannot bring a
counterclaim for declaratory relief and recover attorney's fees when the counterclaim seeks
resolution of disputes already pending before the court. HECI Exploration Co. v. Clajon Gas
Co., 843 S.W.2d 622, 638-39 (Tex. App.--Austin 1992, writ denied); John Chezik Buick, 749
S.W.2d at 594. However, this rule applies only if a dispute is pending before the court when the
declaratory relief is requested. In the present case, appellee filed an original petition for
declaratory relief; no dispute was pending before the court when he filed his petition. Under
appellant's construction of section 37.009, any party against whom a declaratory judgment action
was filed could simply file a counterclaim to adjudicate the issues presented by the petition for
declaratory relief, thereby preventing any recovery of attorney's fees. Appellant cites no authority
to support this reading of section 37.009, and we accordingly reject it. Appellant's sixth point
of error is overruled.



CONCLUSION


 Appellant sought to recover damages for breach of contract and anticipatory
repudiation in the Limestone County litigation. While the jury found that the contract had been
both breached and repudiated, it awarded no damages for repudiation. Rather than appeal that
judgment, appellant instead chose to file a second suit for past due alimony payments in Travis
County district court. The trial court properly held that appellant's rights and appellee's
obligations under the contract had been terminated and further that her suit was barred by
collateral estoppel. Because we have determined that the trial court correctly granted appellee's
motion for summary judgment and awarded him attorney's fees under the UDJA, we affirm the
judgment of the trial court. (4)



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 24, 1995

Publish
1.   Because even courts have difficulty recognizing this difference, it is understandable
that appellant also failed to comprehend the distinction and grounded her appeal on the
doctrine of election of remedies. Thus, we overrule appellee's cross-point for damages
under Rule 84 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 84
(authorizing court of appeals to award to a prevailing appellee damages in civil cases in
which court determines that appellant took the appeal for delay and without sufficient
cause).


2.   In fact, the nonrepudiating party need not even file suit in order to foreclose its
option of keeping a contract open. When the repudiating party communicates to the
innocent/ nonrepudiating party that it intends to repudiate the contract, the contract
remains open and in force until the innocent party chooses to treat it as terminated. Once
the innocent party elects to treat the contract as terminated, it gives up the right to later
sue on the contract. By filing suit for anticipatory repudiation, the nonrepudiating party
clearly demonstrates its election to treat the contract as terminated. However, it can also
communicate this election by sending the repudiating party a demand letter demanding
payment of installments due under the contract at a future date and threatening to sue. 
See Tuscarora Corp. v. HJS Indus., Inc., 794 S.W.2d 435, 439 n.2 (Tex. App.--Corpus Christi
1990, writ denied).
3.   That choice to sue for anticipatory repudiation constituted an "acceptance" by
appellant of appellee's repudiation. We do not address, however, whether the contract
would have been terminated if the jury had failed to find that appellee had repudiated it.
4.   Because of our disposition of appellant's second, fourth, fifth, and seventh points of
error, it is unnecessary to address her first and third points of error.