

# NUMBER 13-08-00309-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHNSON HONTANOSAS,**                                       **Appellant,**

**v.**

**MOONYEEN HONTANOSAS,**                                   **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION ON REHEARING

### Before Justices Rodriguez, Benavides and Vela
### Memorandum Opinion On Rehearing by Justice Benavides

On August 29, 2008, we dismissed this case for want of jurisdiction. We granted appellant Johnson Hontanosas's motion for rehearing on April 9, 2009 by order. We withdrew our original opinion and judgment and substitute the following opinion and

judgment in its place.[1]

This case involves an appeal from a final divorce decree. By five issues, which we re-number as four, Johnson asserts that: (1) the trial court deprived Johnson's right to due process when it set his divorce from appellee Moonyeen Hontanosas for final hearing and denied his motion for continuance; (2) the trial court erred in denying Johnson's motion for new trial; (3) the evidence supporting the trial court's findings as to the division of property and order of child support was legally and factually insufficient; and (4) the trial court's order does not address supervening developments, namely that one of Johnson's daughters has reached the age of majority. We affirm.

## I. BACKGROUND

On May 17, 2006, Moonyeen Hontanosas filed an original petition for divorce in Hidalgo County, Texas from her husband, Johnson Hontanosas, after more than twenty years of marriage. The Hontanosases immigrated to the United States from the Philippines during their marriage and settled in Hidalgo County. Since their pre-divorce separation in April 2005, Moonyeen, a registered nurse, remained a resident of Hidalgo County along with her two children (F.H. and J.H.) and has been represented by counsel throughout the proceedings. Johnson, a paralegal and former attorney in the Philippines, moved to California after the couple's separation and was represented for close to one year by local counsel, until he became *pro se* in August 2007.

After service of the original divorce petition, Johnson filed his own challenge to the

---

[1] This Court initially dismissed Johnson's appeal for want of jurisdiction, *see* TEX. R. APP. P. 42.3(a), (c), but we subsequently granted Johnson's motion to correct and motion for rehearing on April 9, 2009, which withdrew our previous opinion and judgment. *See Hontanosas v. Hontanosas*, No. 13-08-309-CV 2008 WL 3984208, at *1-*2 (Tex. App.—Corpus Christi Aug. 29, 2008, reh'g granted) (mem. op.).

Texas forum,[2] and his counsel filed an answer on his behalf. During Johnson's nearly one-year of representation by counsel, the trial court granted one of Johnson's motions for continuance and issued temporary orders. Seven days before trial, on August 23, 2007, the trial court granted Johnson's attorney's motion to withdraw from representation,[3] and ordered and gave notice in open court that the final hearing for divorce was set for 1:30 p.m. on August 30, 2007. Johnson was not present at the August 23 hearing. On August 30, 2007, prior to the final hearing, Johnson filed in writing an emergency motion to reset, arguing that he received insufficient notice of the hearing by opposing counsel via written correspondence at 1 p.m. on August 27, 2007. Johnson again failed to appear, so the trial court denied his motion for continuance and proceeded to hear evidence at the final hearing. On September 4, 2007, the trial court signed the final divorce decree and made the following findings of fact and conclusions of law.

With regard to the children, Johnson was ordered to pay Moonyeen retroactive child support totaling $5,600.00 and $4,800.00 for reimbursement of children's medical insurance costs. Additionally, the court set child support at $400.00 per month based on the statutory guidelines and named both parties as joint managing conservators, with Moonyeen as primary custodian. A standard visitation plan was ordered, and the trial court limited travel to within the United States.

---

[2] While labeled "Motion to Dismiss/Demurrer" the substance of the pleading is akin to a forum non conveniens (FNC) motion as Johnson argued that because both he and his wife are Filipino citizens, the proper forum for their divorce is the Philippines. *See generally* TEX. R. CIV. P. 71 (addressing a misnomer of a pleading); *State Bar of Tex. V. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (providing that a court looks to the substance of a plea for relief, not merely the title, to determine the nature of a pleading). The motion was denied by the trial court on August 23, 2007.

[3] At this point in the proceedings—and possibly as early as August 16, 2007—Johnson chose to represent himself and has continued to do so throughout his appeal.

3

With regard to the marital property: (1) Johnson was awarded property in California that he acquired during the marriage; (2) Johnson was ordered to pay Moonyeen fifty percent of the money held in a Philippine bank account; (3) Moonyeen was awarded her retirement account in full, her bank account in Hidalgo County in full, her personal effects, and a vehicle in her possession; and (4) Johnson was ordered to sell jointly-owned real property in the Philippines and equally divide the proceeds with Moonyeen.

Following the judgment, Johnson filed a motion for new trial, which was overruled by operation of law. This appeal ensued.

## II. DUE PROCESS AND THE MOTION FOR CONTINUANCE

In his first issue, Johnson asserts that the trial court deprived him of due process when it denied his motion for continuance[4] and moved forward with the final divorce hearing on August 30, 2007.

### A. Standard of Review

A trial court's discretion to grant or deny a motion for continuance is broad. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 603, 635 (Tex. 1986). Our standard of review of a trial court's denial of a motion for continuance is determined on a case-by-case basis to evaluate whether the trial court committed a clear abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). Such an abuse of discretion exists if the trial court's action was arbitrary and unreasonable, and reversal of a trial court's decision to deny the continuance is

---

[4] Johnson labeled his motion an "Urgent Motion to Reset Final Divorce Hearing Scheduled on August 30, 2007," but upon review, we determine it to be a motion for continuance as the August 30 setting was for final disposition of the case. *See* TEX. R. CIV. P. 247 & 251; *See generally* TEX. R. CIV. P. 71 (addressing a misnomer of a pleading); *Heard*, 603 S.W.2d at 833.

warranted only if the record clearly reflects that there has been a disregard of a party's rights. *See Yowell*, 703 S.W.2d at 635. "[T]here is no mechanical test for determining when the denial is so arbitrary as to violate due process." *Guerrero-Ramirez v. Tex. State Bd. of Med. Exam'rs*, 867 S.W.2d 911, 916 (Tex. App.—Austin 1993, no writ) (citing *Ungar v. Sarafite*, 376 U.S. 575, 591 (1964)). "Rather, the reviewing court must consider the circumstances presented to the trial judge at the time the request is denied." *Id.*

## B. Discussion

Johnson argues that the final hearing was premature because he was not allowed to conduct discovery for his cross-petition filed August 20, 2007. We disagree. In our review, we consider the following factors to determine whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: (1) the length of time the case has been on file, (2) the materiality and purpose of the discovery sought, and (3) whether the party seeking continuance has exercised due diligence to obtain the discovery sought. *See Two Thirty Nine*, 145 S.W.3d at 161. Moonyeen served Johnson with her filed original petition for divorce on May 30, 2006. From May 2006 to August 2007, Moonyeen propounded interrogatories, requests for production, and requests for disclosure to Johnson pursuant to a Level 2 discovery plan. *See* TEX. R. CIV. P. 190.3. At no time during that period did Johnson conduct his own discovery, as he was permitted to do as a party to the pending litigation. *See* TEX. R. CIV. P. 192.2 (explaining the scope of discovery in Texas courts and its availability to any party to the lawsuit). Johnson's argument that he was not given enough time to conduct proper discovery because of the August 30th trial setting is

5

without merit.   Since May 2006, all permissible forms of discovery were available and went unused by Johnson.   *See* TEX. R. CIV. P. 190.3.

Johnson also argues that despite receiving timely notice three days prior to the final hearing, the length of notice was insufficient for him to travel to Hidalgo County from California and amounted to a hasty setting.   Under the Texas Rules of Civil Procedure, a case previously set for trial may be reset upon reasonable notice to the parties.   *See* TEX. R. CIV. P. 245.   Failure to give a party the required reasonable notice constitutes a lack of due process and is grounds for reversal.   *See Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (holding that failure to give notice of the reset "deprives a party of its constitutional right to be present at the hearing to voice its objections in an appropriate manner and results in a violation of fundamental due process).   Here, Johnson was given a reasonable three-day notice period of the final hearing and was required to make every effort to properly attend and avoid a default judgment. Johnson's failure to appear on August 30, 2007 was not enough good cause to support a continuance or postponement of his case set for final disposition.   *See* TEX. R. CIV. P. 253 (noting that absence of counsel will not be good cause for continuance). Furthermore, we do not agree with Johnson's contention that the August 30, 2007 setting was "hasty."   A reading of the clerk's record shows that the final hearing in this cause had been set and reset multiple times over the course of approximately one year.

Our examination of the record allows us to conclude that the trial court did not abuse its discretion when it denied the August 30, 2007 motion for continuance and moved forward with the cause.   Accordingly, we overrule Johnson's first issue.

6

### III. MOTION FOR NEW TRIAL

In his second issue, we determine whether the trial court erred when it denied his motion for new trial on the grounds that it was filed late.

## A. Standard of Review

A trial court is afforded wide discretion when ruling on a motion for new trial. *See In re Marriage of Edwards*, 79 S.W.3d 88, 102 (Tex. App.—Texarkana 2002, no pet.). Our review focuses on whether the trial court abused its discretion in its ruling, and absent a showing of such an unreasonable or arbitrary ruling, the trial court's action will not be disturbed. *See id.*

## B. Discussion

If a motion for new trial is untimely filed, it is a nullity and cannot be properly considered by the trial court. *Willacy County Appraisal Review Bd. v. S. Padre Land Co.*, 767 S.W.2d 201, 202 (Tex. App.—Corpus Christi 1989, no writ) (holding that the appellant's second motion for new trial filed 61 days after judgment was untimely and could not be considered). Here, Johnson simultaneously filed his motion for new trial, notice of appeal, and request for findings of facts and conclusions of law on or about September 6, 2007, which was two days after the trial court signed the final divorce decree. We hold that Johnson's motion was timely filed, *see* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 27.1(a). Unlike the trial court in *South Padre Land Co.*, the trial court in this case properly considered Johnson's motion, but it was overruled by operation of law. *See* TEX. R. CIV. P. 329b(a). We find nothing in the record to support, as Johnson contends in his only argument related to his motion for new trial, that the trial court denied his motion for new trial on the grounds that it was untimely filed. Instead, the

7

motion for new trial was overruled by operation of law pursuant to the Texas Rules of Civil Procedure.

The trial court did not abuse its discretion when it denied Johnson's motion for new trial by operation of law, and accordingly, we overrule his second issue.

## IV. FACTUAL AND LEGAL SUFFICIENCY CHALLENGES

In his third issue,[5] Johnson attacks the trial court's findings of fact and conclusions of law with regard to the divorce decree's orders on child support and the division of property.

### A. Standard of Review

"A trial court's findings are reviewable for legal and factual sufficiency of evidence by the same standards that are applied in reviewing evidence supporting a jury's answer." *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Under a factual sufficiency standard, a court determines whether the evidence is insufficient or if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)). On the other hand, a reviewing court is "not obligated to give any particular deference" to legal conclusions and can review them de novo. *Pegasus Energy Group, Inc. v. Cheyenne Petro. Co.*, 3 S.W.3d 112, 121 (Tex. App.—Corpus Christi 1999, pet. denied). A trial court's legal conclusions, however, will stand on appeal unless an error exists as a matter of law. *Id.*

### B. Discussion

Johnson argues that the trial court's order regarding past, present, and future

---

[5] We consolidate Johnson's third and fourth issues in his brief as they are related and substantively similar. *See* TEX. R. APP. P. 47.1.

8

child support and division of property was supported by factually and legally insufficient evidence because (1) there was a prior agreement between the parties regarding support; (2) family health insurance was undertaken voluntarily by Moonyeen and should not be reimbursed as "medical support"; (3) funds for the children have been set up in a separate bank account for the children's benefit; (4) Moonyeen was legally bound during their marriage to support Johnson; and (5) Johnson was entitled to a share of Moonyeen's retirement benefits because the two lived together for more than twenty years.

A factual sufficiency analysis requires a complete review of the evidence to determine whether the trial court's findings of fact were "manifestly wrong and unjust." *Narisi v. Legend Diversified Invs.*, 715 S.W.2d 49, 50 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Here, the clerk's record is the only record before this court. Therefore, omitted portions of the record, such as the reporter's record, must be presumed to contain both legally and factually sufficient evidence that are binding on the appellate court. *See id.*; *see also* TEX. R. APP. P. 34.6(c)(4) (noting that "an appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues, and this presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.").

In this case, we apply the presumption that any omitted portions of the record before us are legally and factually sufficient to defeat Johnson's first, third, and fourth arguments. *See Narisi*, 715 S.W.2d at 50. We presume that the trial court's findings of fact and conclusions of law in Moonyeen's favor on these three issues were factually

9

and legally sufficient because the record before us is void of any evidence of any marital agreement between the two parties, void of any evidence to show a "college fund" bank account, and void of any evidence to support the argument that Moonyeen was legally bound to support Johnson during his unemployment. *See id.*

Johnson's remaining two arguments (No. 2 and No. 5, above) involve challenges to the trial court's findings and conclusions of law that order Johnson to reimburse Moonyeen for retroactive medical support of the couple's children and allow Moonyeen to keep her entire retirement savings. We will address each argument in order.

With regard to the order of retroactive medical support, a trial court maintains its discretion in making a retroactive award and will not be reversed absent an abuse of discretion for not following guiding rules or principles. *Garza v. Blanton*, 55 S.W.3d 708, 710 (Tex. App.—Corpus Christi 2001, no pet.). Medical support for a child is a child support obligation, *see* TEX. FAM. CODE ANN. § 154.183(a)(2) (West Supp. 2010); and a trial court must order reimbursement from the obligor parent to the obligee parent, as additional child support, for the cost of the health insurance paid by the obligee parent. *See id.* § 154.182(b-1) (West Supp. 2010). Further, a trial court may order payment of retroactive support after finding that it is owed. *See id.* § 154.131 (West 2008). Here, the trial court ordered and calculated retroactive support payments at minimum wage because no other income evidence was provided. *See id.* § 154.068 (West 2008). The trial court found that during all relevant times, Moonyeen provided health insurance for her children through her employer and was entitled to $4,800.00 in retroactive support for those costs paid. *See id.* § 154.009 (West 2008). We hold that the trial court's retroactive award properly followed the requirements of the Texas Family

10

Code and was not an abuse of discretion.

With regard to the trial court allowing Moonyeen to keep her full retirement benefits, the just and right division of a marital estate at divorce is left to the trial court's broad discretion and will not be reversed absent a clear abuse of discretion. *See* TEX. FAM. CODE ANN. § 7.001 (West 2006); *Ridgell v. Ridgell*, 960 S.W.2d 144, 147 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)). Equal division of marital property is not required. *Ridgell*, 960 S.W.2d at 147. A reviewing court should remand to the trial court for a re-division of the marital estate only upon a finding of reversible error that materially affects the "just and right" division of the community property or if the division of property is "manifestly unjust and unfair." *See id.*

Retirement and pension benefits accumulated during a marriage are modes of compensation that are part of the community estate and must be addressed at the time of divorce. *See* TEX. FAM. CODE ANN. § 7.003 (West 2006); *Berry v. Berry*, 647 S.W.2d 945, 947 (Tex. 1983). Here, the trial court found Moonyeen's retirement account was but one piece of the community estate, which also included other real and personal property of the marriage. Our examination of the record does not show reversible error or support the conclusion that the trial court's division was manifestly unjust and unfair, when it divided the marital estate to award: (1) Moonyeen full interest in her retirement account and Hidalgo County bank account, fifty-percent of the proceeds of the sale of land in the Philippines, and fifty-percent of the interest in the Philippine bank account; and (2) Johnson one-hundred-percent of the proceeds from the sale of the California properties, fifty-percent of the interest in the Philippine bank account, and fifty-percent of

11

the proceeds of the sale of land in the Philippines. *See Ridgell*, 960 S.W.2d at 147. Instead, we conclude that the trial court acted within its broad discretion to award Moonyeen her full retirement benefits. We overrule Johnson's third issue.

## V. Changes in Circumstances Affecting Child Support

In his fourth and final issue, Johnson argues that material developments have occurred since the trial court signed the final divorce decree, namely that one child has reached the age of majority, and that the trial court's child support award should be adjusted by this Court to reflect those changes.

We decline to address this issue as it is being raised for the first time on appeal and was not properly presented for review. *See* Tex. R. App. P. 33.1. Through our reading of Johnson's brief, it appears that he asks this Court to modify the trial court's award of child support. A motion to modify a child support order and its appropriate procedures are addressed in the family code and cannot be raised for the first time on appeal. *See* Tex. Fam. Code Ann. §§ 156.001, 156.401–156.410 (West 2008 & Supp. 2010). We overrule Johnson's fourth issue.

## VI. Conclusion

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of February, 2012.

12