

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-25-00104-CV

Cris **LALONDE** and Vanessa Lalonde,
Appellants

v.

**TORTUGA RANCH NC, LLC**, Vandrake Investments, LLC,
and Premier Land Liquidators, LLC,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 23664B
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: April 8, 2026

REVERSED AND REMANDED

Cris Lalonde and Vanessa Lalonde appeal the trial court's judgment granting declaratory relief to Tortuga Ranch NC, LLC, Vandrake Investments, LLC, and Premier Land Liquidators, LLC.[1] We hold that Tortuga Ranch was not entitled to summary judgment on its declaratory judgment action, we reverse the trial court's judgment and remand for further proceedings.

---

[1] Collectively referred to as the "Tortuga Ranch."

**BACKGROUND**[2]

Since October of 2008, the Lalondes have resided at and leased 1213 Lower Turtle Creek in Kerrville, Kerr County, Texas, hereinafter referred to as the "Property." The Property is part of a larger 554.01-acre tract of land, which Tortuga Ranch purchased to develop a new subdivision known as "Great Sky Ranch."

Sometime in 2021, Tortuga Ranch advertised a "One Day Offering" sale of the subdivided lots within the Great Sky Ranch, scheduled for December 4, 2021. Seeking to purchase the Property before the sale, the Lalondes met with four individuals associated with Tortuga Ranch, including Benjamin Vanhook. They were promised that because they leased the Property for so long, they would be "take[n] care of" and that Tortuga Ranch would "come up with a fair price for the land."

On December 3, 2021, the Lalondes again sought a purchase price from Vanhook—and additionally inquired into the 30 acres in front of the Property. Vanhook did not provide a price for the Property but informed them that the 30 acres would cost $1,000,000. Later that day, Vanhook returned with a laminated map of the Great Sky Ranch subdivision and a survey of the Property. The subdivided lot containing the Property and its surrounding acreage was entitled "Tract D." They ultimately negotiated a purchase price of $550,000.00 for Tract D. Wanting the agreed purchase price in writing, Vanessa Lalonde wrote the following on the back of Vanhook's copy of the survey:

> I Vanessa Lalonde agree to buy 1213 Lower Turtle Creek for $555,000 in the event that we can not secure financing the security deposit of $55,000.00 will be returned. This is a legal and binding contract of tract D of Great Sky Ranch.

---

[2] Due to the summary judgment posture, we recite the facts in the light most favorable to the nonmovants—the Lalondes. *See Lozada v. Posada*, 718 S.W.3d 262, 265 (Tex. 2025) (per curiam) (doing the same).

Vanessa Lalonde and Ben Vanhook's signatures were subscribed underneath the foregoing language.

On December 28, 2021, the Lalondes asked about transferring funds for the purchase of Tract D, to which Vanhook responded "[w]hen everyone gets back to the office from Christmas break we will get a contract." However, the deliverance of this contract and the transfer of funds never occurred.

In 2023, the Lalondes initiated suit seeking to enforce the terms of the 2021 agreement. Tortuga Ranch responded and filed a counterclaim under the Uniform Declaratory Judgments Act seeking to declare the 2021 agreement as void and unenforceable. The Lalondes filed a partial motion for summary judgment seeking to determine that the 2021 agreement was enforceable. Tortuga Ranch filed its own motion for summary judgment on its declaratory judgment counterclaim. Notably, Tortuga Ranch's summary judgment motion did not seek relief on the Lalondes' breach of contract claim or on its affirmative defenses.

The trial court denied the Lalondes' motion for partial summary judgment and granted Tortuga Ranch's motion for summary judgment. After ruling on Tortuga Ranch's request for attorney's fees, the trial court signed a final judgment declaring the 2021 agreement "invalid, unenforceable, and void." This appeal followed.

## DISCUSSION

The Lalondes maintain that the trial court erred by (1) granting Tortuga Ranch's motion for summary judgment, (2) awarding Tortuga Ranch conditional appellate attorney's fees, and (3) denying their motion for partial summary judgment. We address each issue in turn.

1.  The Trial Court Erred in Granting Tortuga Ranch's Motion for Summary Judgment

The Lalondes argue that, among other things, the trial court erred in granting Tortuga Ranch's motion for summary judgment because its declaratory judgment counterclaim violated the mirror-image rule. We agree.

1.1  Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). In our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019).

Under the traditional summary judgment standard, movants must demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (analyzing TEX. R. CIV. P. 166a(c)). This burden does not shift to nonmovants "unless and until the movant has established his entitlement to a summary judgment." *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021) (citation modified). And a nonmovant's failure to respond to the movant's motion "'cannot supply by default the summary judgment proof necessary to establish the movant's right.'" *Id.* at 88 (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

1.2  Tortuga Ranch Was Not Entitled to Summary Judgment as a Matter of Law

"The Declaratory Judgments Act is not available to settle disputes already pending before a court." *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (internal quotation marks omitted). This mirror-image rule prohibits the invocation of a declaratory judgment counterclaim "that presents no new controversy." *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex.

App.—Austin 1994, writ denied). An exception to this rule exists when the declaratory judgment counterclaim "has greater ramifications than the original suit." *Winslow v. Acker*, 781 S.W.2d 322, 328 (Tex. App.—San Antonio 1989, writ denied).

Here, Tortuga Ranch's declaratory judgment counterclaim sought to declare the agreement unenforceable, "void and/or voidable," "fails for lack of consideration," "is missing essential terms," and "is ambiguous and therefore void and/or voidable." In their brief, Tortuga Ranch characterizes their declaratory relief as "a mirror-image declaration that there was no enforceable contract." We agree, and hold that Tortuga Ranch's mirror-image declaratory judgment counterclaim fails as a matter of law. *See Narisi v. Legend Diversified Invs.*, 715 S.W.2d 49, 51–52 (Tex. App.-Dallas 1986, writ ref'd n.r.e.). Because Tortuga Ranch's declaratory judgment counterclaim fails as a matter of law, it cannot demonstrate entitlement to declaratory relief as a matter of law. *Aery v. Hoskins, Inc.*, 493 S.W.3d 684, 691 (Tex. App.—San Antonio 2016, pet. denied).

Accordingly, we hold that the trial court erred in granting Tortuga Ranch's motion for summary judgment.

2. <u>The Trial Court Erred In Awarding Conditional Attorney's Fees</u>

Since we reversed the summary judgment in favor of Tortuga Ranch on its declaratory judgment counterclaim, we also reverse the award of conditional appellate attorney's fees. *See AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 530 (Tex. App.—San Antonio 2013, pet. denied).

3. <u>We Decline to Render Partial Summary Judgment in Favor of the Lalondes</u>

The Lalondes contend that they are entitled to the rendition of partial summary judgment in their favor. We decline to do so.

Ordinarily when we review cross-motions for summary judgment, we determine all issues presented and render the judgment the trial court should have rendered. *Thompson v. Landry*, 713 S.W.3d 372, 376 (Tex. 2025); *Tarr*, 556 S.W.3d at 278–79. However, we may not render where a fact issue precludes summary judgment for either party, *Univ. of Tex. Health Sci. Ctr. at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792, 792 (Tex. 1987) (per curiam), or where one motion for summary judgment requests only interlocutory relief, *Bowman v. Lumberton Indep. Sch. Dist.*, 801 S.W.2d 883, 889 (Tex. 1990).

We note that the Lalondes sought partial summary judgment as to the first element of their breach of contract claim: the existence of a valid contract. By itself, this relief "would be inherently interlocutory in nature." *Id.* Consequently, "we decline to render or direct the rendition of any partial summary judgment." *Id.* at 890.

## CONCLUSION

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Velia J. Meza, Justice