NO. 07-03-0132-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 31, 2004



______________________________




FIFTY-SIX (56) GAMBLING DEVICES, EIGHT THOUSAND 

THREE HUNDRED THIRTEEN DOLLARS ($8313.00) IN UNITED 

STATES CURRENCY AND FOUR HUNDRED DOLLARS 

($400.00) IN GIFT CERTIFICATES, APPELLANT


V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 89,860-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR REHEARING


 On original submission, we reversed the judgment of the trial court granting appellee
the State of Texas's motion for summary judgment and remanded the cause. The State
has now filed a motion for rehearing. We overrule the motion, but withdraw our original
opinion and judgment dated February 20, 2004, and, in lieu thereof, issue the following
opinion. 

 Presenting four points of error, Craig Brucker challenges the trial court's rendition
of a summary judgment forfeiting his property, including 56 eight-liner gambling devices,
$8,313 in cash, and $400 in gift certificates pursuant to article 18.18 of the Texas Code of
Criminal Procedure. (1) By this appeal, Brucker does not challenge that part of the judgment
denying his counterclaim for damages. Based upon the following rationale, we reverse and
remand in part and affirm in part. 

 On November 5, 2001, Dan Howington, an undercover officer with the Panhandle
Regional Narcotics Trafficking Task Force, entered Prize Palace Amusements and played
a machine commonly known as an eight-liner. After compiling a number of credits on the
machine, he advised a Prize Palace employee that he wanted to cash out. The employee
tabulated the amount owed Howington by the machine and paid him that sum in cash. 
During his stay at Prize Palace, Howington noticed approximately 40 other machines, each
of which appeared to operate in the same manner as the device on which he played. 
Howington also observed that Prize Palace appeared to engage in no other commercial
venture but the operation of eight-liners. 

 Based upon his investigation, Howington, on December 12, 2001, obtained a search
warrant commanding the seizure from Prize Palace of all gambling devices, gambling
paraphernalia, and coupons or gift certificates, or any other proceeds derived from the
operation of the gambling devices or paraphernalia. While executing the warrant, officers
seized the property described above. On May 10, 2002, the State, electing not to proceed
with a criminal prosecution, filed a petition seeking forfeiture of the eight-liners, cash, and
gift certificates pursuant to article 18.18. (2) By its petition, the State asserted the District
Court (3) had jurisdiction to hear the action and alleged it had satisfied all conditions
precedent to filing or maintaining it. In response to the petition, Brucker filed a general
denial. (4) 

 Following six months of discovery, the State filed a combination traditional and no-evidence motion for summary judgment, (5) relying upon article 18.18 as authority for relief. 
As grounds for the traditional motion, the State asserted the summary judgment evidence
conclusively established that the seized eight-liners were gambling devices and/or
gambling paraphernalia, and that the cash and gift certificates were gambling proceeds. 
In support of the no-evidence motion, the State alleged there was no evidence the eight-liners, cash, and gift certificates did not wholly consist of gambling devices and/or gambling
paraphernalia, and gambling proceeds, respectively. The summary judgment evidence
consisted of Howington's affidavit in support of the search warrant, the search warrant, and
Brucker's responses to the State's requests for admissions. 

 In his response to the State's motion for summary judgment, Brucker claimed
Howington's affidavit was not probative as summary judgment evidence because it was
"vague, overbroad, [and] conclusionary." (6) Brucker also suggested: (1) the eight-liners were
legally operated pursuant to section 47.01(4)(B) of the Texas Penal Code (Vernon 2003),
commonly known as the fuzzy animal exception; and (2) his attached affidavit to that effect
raised a genuine issue of material fact sufficient to preclude a traditional summary
judgment. Additionally, he asserted a no-evidence summary judgment was inappropriate
because the State failed to establish it had complied with the procedural requirements of
article 18.18. 

 Concluding there was no genuine issue of material fact, in January 2003, the trial
court rendered summary judgment in favor of the State on both traditional and no-evidence
grounds. Specifically, the court concluded as a matter of law that the seized property
constituted gambling devices and gambling proceeds and was, thus, subject to forfeiture
under article 18.18. Additionally, the court found there to be no evidence to support any
claim under section (f) of article 18.18 that the property, currency, and gift certificates
seized from Prize Palace were not gambling devices, paraphernalia, or proceeds. 

 By four points of error, Brucker claims: (1) his due process rights were violated by
the trial court's failure to abide by the mandatory terms of article 18.18; (2) the trial court
lacked jurisdiction to hear the State's motion for summary judgment because of its failure
to have a show cause hearing as required by article 18.18; (3) the trial court improperly
granted the motion for summary judgment when disputed fact issues remained; and (4)
"the search warrant used to seized [sic] Appellant's [Brucker's] property was defective." 
We will consider Brucker's first and third points contemporaneously.

Standard of Review-Traditional Motion



 Where, as here, the trial court's order explicitly specifies the ground relied upon for
the summary judgment ruling, the ruling can only be affirmed if the theory is meritorious;
otherwise the case must be remanded. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 381 (Tex. 1993). For a movant to prevail in the context of a traditional summary
judgment, he must conclusively establish: (1) the absence of any genuine question of
material fact; and (2) he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all
essential elements of his claim, or negate at least one essential element of the
nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
determining whether summary judgment was proper, we review the evidence in the light
most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and
resolving all doubts as to the existence of a genuine issue of material fact in its favor. 
Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the
movant has established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any issues that
would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Because our analysis of Brucker's first and third points controls our
disposition of the case, we need not address the standard of review for a no-evidence
motion for summary judgment. 

 By points one and three, Brucker argues he was not afforded the notice and
opportunity to be heard mandated by article 18.18, and a genuine issue of material fact
existed precluding summary judgment. We agree. Contrary to the State's assertion in its
motion for rehearing, Brucker's third point is sufficient to allow argument as to all possible
grounds upon which summary judgment should have been denied. See Malooly Brothers,
Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Moreover, we must consider rules on
briefing liberally. Tex. R. App. P. 38.9; see also State v. Garland, 963 S.W.2d 95, 101 (Tex
App.-Austin 1998, pet. denied) (quoting Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex.
1995)). 

 At the outset, we recognize that statutory proceedings seeking forfeiture of property
are civil in nature; therefore, the Rules of Civil Procedure apply. See F & H Investments,
Inc. v. State, 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Because the law
abhors a forfeiture, statutes authorizing forfeiture are strictly construed. See State v. Lot
10, Pine Haven Estates, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ)
(affirming trial court's denial of State's motion for summary judgment in suit seeking
forfeiture of property). Notice and hearing are the process used to protect a property
interest. Elm Creek Owners v. H.O.K. Investments, 12 S.W.3d 494, 498 (Tex.App.-San
Antonio 1999, no pet.). (7) 

 In a civil forfeiture proceeding under article 18.18, once property has been seized
pursuant to a search warrant, the magistrate to whom the warrant is returned must:: (1)
provide written notification of the seizure and imminent forfeiture to the person found in
possession of the property; (2) include a detailed description of the seized property in the
notice; and (3) send the required notice via certified mail, return receipt requested. See
art. 18.18 (b), (c), & (d). Additionally, the statute affords any person interested in the
seized property the opportunity to appear before the magistrate for a show cause hearing
on the 20th day following the date the notice was mailed or posted. See art. 18.18 (e) & (f). 
In brief, a forfeiture proceeding under this statute begins when the State presents an
affidavit to a magistrate and ends after a show cause hearing in which the magistrate
determines whether the seized property should be destroyed or forfeited. Hardy v. State,
102 S.W.3d 123, 127 (Tex. 2003). 

 In its motion for summary judgment, the State expressly grounded its entitlement
to relief upon article 18.18 as authority for the forfeiture. (8) Then, because the State had the
burden to prove all of the essential elements of its claim, it was required to produce
summary judgment evidence showing compliance with the mandates of that article. The
record does not, however, indicate whether the magistrate provided the notice required by
article 18.18. Neither does the record reveal whether an article 18.18 show cause hearing
was conducted following seizure of the property from Prize Palace. In short, the State
failed to present summary judgment evidence that all of the requirements of article 18.18
were satisfied; thus, it did not establish its right to summary judgment. (9) As a result, the trial
court erred in granting the State's motion. (10) Brucker's first and third points are sustained. 
Our disposition of these points precludes our consideration of his remaining points. 

 In addition to a petition for forfeiture of the seized property, the State's motion for
summary judgment included a request, based upon sovereign immunity, that the court
deny Brucker's counterclaim for damages. Alternatively, the State requested that partial
relief be granted, if appropriate. See Tex. R. Civ. P. 166a (e). Therefore, because Brucker
does not challenge the portion of the summary judgment dismissing his counterclaim for
want of jurisdiction, that part of the judgment is affirmed. See Tex. R. App. P. 43.2(c)
(court of appeals may reverse the trial court's judgment in whole or in part and render the
judgment that the trial court should have rendered). Otherwise, the judgment of the trial
court is reversed, and the case remanded for further proceedings.

 Don H. Reavis

 Justice
1. All references to articles are to the Texas Code of Criminal Procedure unless
otherwise designated. (Vernon Supp. 2004). 
2. In its petition, the State requested citation be issued to Olivia Rodriguez and Billy
Stone, who were, respectively, alleged to be the person found in possession of the seized
property and the operator of the business where the seized property was located. Neither
of those individuals is a party to this appeal. 
3. The judge of the 181st District Court was the magistrate who authorized the search
warrant.
4. Brucker did not designate his answer to be included in the clerk's record; however,
the State concedes an answer was filed. 
5. See Tex. R. Civ. P. 166a(c) & (i).
6. Although it appears from the record he was not present when the search warrant
was executed, Brucker conceded in his responses to the State's requests for admissions
that he was the owner of all of the eight-liners seized from Prize Palace. 
7. See also Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised, except by due
course of the law of the land). (Emphasis added). Additionally, it appears that in a
proceeding under article 18.18, a party may request a trial by jury. See State v. One Super
Cherry Master Video, 55 S.W.3d 51, 52 (Tex.App.-Austin 2001) rev'd on other grounds,
102 S.W.3d 132 (Tex. 2003).
8. The unique posture of this case resulted when the State, instead of proceeding with
a trial on the merits through the show cause hearing authorized by article 18.18, elected
to proceed by a motion for summary judgment. While the Rules of Civil Procedure dictate
the mechanism for utilizing summary judgment, they provide no authority for the forfeiture
of property. The State does not reference, nor has our independent review revealed, any
legal authority providing guidelines for the reconciliation of the forfeiture procedures
authorized by the Code of Criminal Procedure with the Rules of Civil Procedure authorizing
summary judgment. 
9. In his response to the State's motion for summary judgment, Brucker argued,
among other things, that (1) the State failed to demonstrate whether the requisite show
cause hearing had been held; or (2) he had been provided with an opportunity to be heard. 
However, because the State failed to meet its burden of proof, the burden did not shift to
Brucker to respond to the motion for summary judgment or present the trial court any
issues that would preclude it. Clear Creek Basin, 589 S.W.2d at 678.
10. The issues considered here were not presented in Twenty-Nine (29) Gambling
Devices v. State, 110 S.W.2d 146 (Tex.App.-Amarillo 2003, no pet. h.).



pan>Also, in Avila v. St. Luke’s Lutheran Hosp., 948 S.W.2d 841, 847
(Tex.App.--San Antonio 1997, writ denied), the court held that due process requires that
collateral estoppel operate only against parties who have had a day in court, as a party or
as a privy. Here, however, the brief of Wind Mountain does not make reference to the
record which supports its position. Therefore, this court is not required to search the record
for evidence supporting its position. Brandon v. American Sterilizer Co., 880 S.W.2d 488,
493 (Tex.App.--Austin 1994, no writ); see also Tex. R. App. P. 38(h). Moreover, even
though the practice regarding these defenses has modified strict rules, Wind Mountain has
failed to demonstrate that the action by the City to seek a declaration of the priority of its lien
arising per the December 6, 2002 judgment against Centex and the May 22, 2003 abstract
of judgment was affected by the March 16, 1994 order of the bankruptcy judge.
Point Three
           By point of error three, Wind Mountain contends the trial court erred in finding that
the Metropolitan Life note and deed of trust were void because the bankruptcy court’s
judgment was not recorded or domesticated in accordance with state law. We disagree.
            First, although the trial court declared the deed of trust was void, from the face of
the judgment, we note that the trial court did not hold or declare the promissory note was
void.
           Wind Mountain concludes its argument by stating that the order of the bankruptcy
court did not have to be domesticated or recorded under state law to bind the parties and
their successors-in-interest and that the trial court was barred on the issue. However, the 
policy of the Texas registration law seeks to require that the public records disclose all
matters affecting land titles. See Turrentine v. Lasane, 389 S.W.2d 336, 337 (Tex.Civ.App.
–Waco 1965, no writ )(and authorities cited therein.) For this and the reasons discussed
above, point of error three is overruled.
Point Four
           By point of error four, Wind Mountain contends the trial court erred in failing to find
that Centex’s lis pendens was actual notice of Centex’s bankruptcy. We disagree.
           First, we note that “notice” as material here, may be constructive or actual. Actual
notice rests on personal information or knowledge, but constructive notice rests on notice
the law imputes to a person not having personal information or knowledge. Madison v.
Gordon, 39 S.W.3d 604, 606 (Tex. 2001). In effect, this point presents a contention that the
evidence conclusively established that the City had actual notice of the bankruptcy by virtue
of the lis pendens filing. Although filing of a lis pendens may constitute constructive notice,
it does not constitute actual notice. See Gene Hill Equip. Co. v. Merryman, 771 S.W.2d
207, 209 (Tex.App.--Austin 1989, no writ). Wind Mountain’s fourth point is overruled.
           We conclude our analysis by noting that the trial court concludes its judgment by
declaring that the abstract of judgment lien of the City is superior to the claims of Wind
Mountain under the deed of trust recorded in Volume 1497, Page 6 of the Deed of Trust
Records in Bell County. However, Wind Mountain does not present a point of error
challenging this declaration. We cannot reverse the judgment of a trial court in the absence
of a properly assigned error, see American General Fire and Casualty Company v.
Weinberg, 639 S.W.2d 688, 689 (Tex 1982) and Orchid Software, Inc. v. Prentice-Hall, Inc.,
804 S.W.2d 208, 211 (Tex.App.–Austin 1991, writ denied).
           Accordingly, the trial court’s judgment is affirmed.
 

 

                                                                                  Don H. Reavis

                                                                                  Senior Justice