NO. 07-07-0305-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 25, 2008

_____

WIND MOUNTAIN RANCH, LLC, APPELLANT

V.

CITY OF TEMPLE, TEXAS, APPELLEE

_____

FROM THE 146TH DISTRICT COURT OF BELL COUNTY;

NO. 199,609-B; HONORABLE RICK MORRIS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL, J., and REAVIS, S.J.[1]

**MEMORANDUM OPINION**

Presenting six points of error, appellant Wind Mountain Ranch, LLC contends the trial

court erred in a rendering declaratory judgment wherein a deed of trust in its chain of title

---

[1]Don H. Reavis, Senior Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

was void and a judgment lien in favor of the City of Temple is superior to the claim of Wind Mountain. We affirm.

On January 4, 1978, Robert K. Utley, III, Trustee, signed a note in the amount of $1,200,000 payable to Metropolitan Life Insurance Company with a maturity date of January 4, 1993. The note was secured by a deed of trust covering a 6.22 acre tract of land which was thereafter conveyed to Centex Investments, Ltd., a California limited partnership. On January 29, 1992, Centex commenced a voluntary chapter 11 proceeding in the United States Bankruptcy Court for the Central District of California. On March 16, 1994, an Order Confirming Plan was signed by the judge but no evidence was introduced that it was recorded in Bell County, the county where Temple is located.

On August 20, 2002, the City filed suit against Centex alleging numerous code violations and recovered a judgment against Centex in the amount of $936,316 on December 6, 2002. An abstract of that judgment was filed on May 22, 2003. After the note and deed of trust were assigned to Wind Mountain, upon a trustee's foreclosure sale on August 5, 2003, Wind Mountain was the successful bidder and the trustee conveyed the 6.22 acre tract to Wind Mountain.

On August 28, 2003, the City commenced this action against Wind Mountain and William T. Anderson as trustee of the Center Orthopedic Pension Plan. By its fifth amended petition, among other relief, the City sought damages alleging fraudulent transfer, wrongful

foreclosure, and claims of conspiracy. The City also sought a declaratory judgment that the foreclosure sale to Wind Mountain was void and sought injunctive relief.

Following a non-jury trial at which all evidence was documentary, the trial court signed a judgment denying all claims for damages and declaring the City's judgment lien was superior to the claims of Wind Mountain which passed per the foreclosure sale held on August 5, 2003. By its judgment, the trial court declared the judgment lien of the City was superior to the claims of Wind Mountain under the 1978 deed of trust and the foreclosure dated August 5, 2003. Thereafter, among other findings of fact, the trial court found that (5) notice of bankruptcy was filed in Bell County on January 30, 1992, (7) the City's abstract of judgment in the amount of $936,316 against Centex was recorded on May 22, 2003, (10) no written extension of the January 4, 1978 Metropolitan deed of trust was ever filed for record in Bell County and (11) the City of Temple did not have actual or constructive notice of any renewed and modified notes secured by the deed of trust. By two conclusions of law, the trial court held that the January 4, 1978 deed of trust was void and also the City's judgment lien was superior to the claim of Wind Mountain.

We commence our analysis by first considering two unchallenged findings of fact. By finding of fact 10, the trial court found that no written extension of the January 4, 1978 Metropolitan Life Insurance Company deed of trust was ever filed for record in the Bell County Clerk's office. Then, by finding of fact 11, the trial court found that the City did not have actual or constructive notice of any renewed and modified notes secured by the deed

3

of trust. Because these findings are not challenged by point of error, they are binding on this Court. *See* McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986).

## Points Five and Six

Next we consider Wind Mountain's points five and six. By point five, it contends the trial court erred in deciding the case was a declaratory judgment action instead of a trespass to try title action. Then by point six, Wind Mountain contends the City, as a judgment creditor of its predecessor in title, did not have standing to complain of the validity of the contractual obligations that existed only between Wind Mountain and its predecessor. We disagree.

By its fifth amended petition, the City sought a determination that the foreclosure sale and transfer to Wind Mountain was void. Similarly, by its second amended answer, Wind Mountain also sought declaratory relief. However, Wind Mountain did not present any special exceptions to the City's pleadings and obtain a ruling prior to trial. Accordingly, Wind Mountain waived any alleged error by failure to specially except or otherwise inform the trial court of the alleged error. *See* Estate of Stonecipher v. Estate of Butts, 686 S.W.2d 101,103 (Tex.1985) and Narisi v. Legend Diversified Investments, 715 S.W.2d 49, 52 (Tex.App.--Dallas 1986, writ ref'd. n.r.e.).

By its sixth point, Wind Mountain contends the City did not have standing to maintain its action for declaratory relief. However, in Roberson v. City of Austin, 157 S.W.3d 130, 135 (Tex.App.--Austin 2005, pet. denied), the court held that declaratory relief was available

4

to a landowner to determine the validity of an unrecorded easement across his property. Here too, title is not at issue, but instead, the controlling question is the priority of the judgment lien over the claims of Wind Mountain where the deed of trust was not renewed and extended in accordance with Texas Civil Practice & Remedies Code section 16.037. Moreover, by also seeking declaratory relief, Wind Mountain invited any alleged error. Northeast Tex. Motor Lines, Inc. v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 488 (1942) and Cook v. Caterpillar, Inc., 849 S.W.2d 434, 442 (Tex.App.--Amarillo 1993, writ denied). Wind Mountain's points of error five and six are overruled.

## Points One and Two

By its first point of error, Wind Mountain contends the trial court erred in not finding that the City's attack on the Metropolitan Life note and deed of trust was barred by res judicata. Then, by its second point, Wind Mountain contends the trial court erred in not finding that the City's claim of invalidity of the Metropolitan Life note and deed of trust was a collateral attack on the order of confirmation extending the time and terms of the documents to December 1, 1999. We disagree and overrule the points.

Under traditional rules applicable to res judicata and collateral estoppel, these defenses apply if (1) the parties are identical in both suits; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. Fernandez v. Memorial Healthcare Sys., Inc., 896 S.W.2d 227, 230 (Tex.App.–Houston [1st Dist.] 1995, writ denied). Further, as

5

discussed in *Fernandez*, res judicata is an affirmative defense and where properly pleaded and supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Id.* Also, in Avila v. St. Luke's Lutheran Hosp., 948 S.W.2d 841, 847 (Tex.App.--San Antonio 1997, writ denied), the court held that due process requires that collateral estoppel operate only against parties who have had a day in court, as a party or as a privy. Here, however, the brief of Wind Mountain does not make reference to the record which supports its position. Therefore, this court is not required to search the record for evidence supporting its position. Brandon v. American Sterilizer Co., 880 S.W.2d 488, 493 (Tex.App.--Austin 1994, no writ); *see also* TEX. R. APP. P. 38(h). Moreover, even though the practice regarding these defenses has modified strict rules, Wind Mountain has failed to demonstrate that the action by the City to seek a declaration of the priority of its lien arising per the December 6, 2002 judgment against Centex and the May 22, 2003 abstract of judgment was affected by the March 16, 1994 order of the bankruptcy judge.

Point Three

By point of error three, Wind Mountain contends the trial court erred in finding that the Metropolitan Life note and deed of trust were void because the bankruptcy court's judgment was not recorded or domesticated in accordance with state law. We disagree.

First, although the trial court declared the deed of trust was void, from the face of the judgment, we note that the trial court did not hold or declare the promissory note was void.

6

Wind Mountain concludes its argument by stating that the order of the bankruptcy court did not have to be domesticated or recorded under state law to bind the parties and their successors-in-interest and that the trial court was barred on the issue. However, the policy of the Texas registration law seeks to require that the public records disclose all matters affecting land titles. *See* Turrentine v. Lasane, 389 S.W.2d 336, 337 (Tex.Civ.App. –Waco 1965, no writ )(and authorities cited therein.) For this and the reasons discussed above, point of error three is overruled.

## Point Four

By point of error four, Wind Mountain contends the trial court erred in failing to find that Centex's lis pendens was actual notice of Centex's bankruptcy. We disagree.

First, we note that "notice" as material here, may be constructive or actual. Actual notice rests on personal information or knowledge, but constructive notice rests on notice the law imputes to a person not having personal information or knowledge. Madison v. Gordon, 39 S.W.3d 604, 606 (Tex. 2001). In effect, this point presents a contention that the evidence conclusively established that the City had actual notice of the bankruptcy by virtue of the lis pendens filing. Although filing of a lis pendens may constitute *constructive* notice, it does not constitute *actual* notice. *See* Gene Hill Equip. Co. v. Merryman, 771 S.W.2d 207, 209 (Tex.App.--Austin 1989, no writ). Wind Mountain's fourth point is overruled.

We conclude our analysis by noting that the trial court concludes its judgment by declaring that the abstract of judgment lien of the City is superior to the claims of Wind

7

Mountain under the deed of trust recorded in Volume 1497, Page 6 of the Deed of Trust Records in Bell County. However, Wind Mountain does not present a point of error challenging this declaration. We cannot reverse the judgment of a trial court in the absence of a properly assigned error, *see* American General Fire and Casualty Company v. Weinberg, 639 S.W.2d 688, 689 (Tex 1982) and Orchid Software, Inc. v. Prentice-Hall, Inc., 804 S.W.2d 208, 211 (Tex.App.–Austin 1991, writ denied).

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Senior Justice