**WIND MOUNTAIN RANCH, LLC, Petitioner,**

v.

**CITY OF TEMPLE, Texas, Respondent.**

No. 09–0026.

Supreme Court of Texas.

Dec. 3, 2010.

Ronald E. Pearson, Mary Black, Pearson & Pearson, Temple, TX, for Wind Mountain Ranch, LLC.

Stuart Smith, Naman Howell Smith & Lee LLP, Waco, TX, for City of Temple, Texas.

Joseph R. Knight, Baker & Botts, L.L.P., Austin, TX, for other interested party William T. Anderson, M.D. and for Amicus Curiae Texas Association of Realtors.

PER CURIAM.

In this case, we decide whether Wind Mountain Ranch's foreclosure of its deed-of-trust lien was barred by limitations. Texas registration law allows debtors and creditors to suspend limitations, but requires that extension agreements be recorded. TEX. CIV. PRAC. & REM.CODE § 16.037. Today's question is whether a bankruptcy order enforcing a Chapter 11 restructuring plan is a debtor-creditor extension agreement under the terms of the statute. We answer "no"—a bankruptcy order is not subject to section 16.037's recording requirements. We reverse the court of appeals' judgment and, without hearing oral argument, render judgment in favor of Wind Mountain Ranch.

Robert K. Utley, as trustee, signed a note secured by a deed of trust encumbering 6.16 acres of land in Bell County,

Texas. The note was set to mature in 1993. The property was later conveyed to Centex Investments. Centex agreed to assume all of Utley's obligations under the note and deed of trust. In 1992, Centex commenced voluntary Chapter 11 proceedings in the Central District of California. A *lis pendens* referencing the ongoing Chapter 11 proceeding was recorded in the real-property records of Bell County. The bankruptcy court confirmed Centex's reorganization plan and issued an order in 1994. The reorganization plan extended the note's 1993 maturity date to 1999. Neither Centex's reorganization plan, nor the bankruptcy court's confirmation order were filed in Bell County.

The City of Temple, alleging numerous municipal code violations, filed suit against Centex in 2002. The City obtained a judgment against Centex for $936,250 in December 2002, and recorded an abstract of its judgment on May 22, 2003. On July 3, 2003, the note and deed of trust were assigned to Wind Mountain Ranch. Wind Mountain then acquired the 6.16 acres securing the note at a non-judicial foreclosure sale.

Following Wind Mountain's acquisition, the City brought claims of fraudulent transfer, wrongful foreclosure, and conspiracy. The City also sought a declaration that, because the foreclosure occurred after the four-year statute of limitations lapsed, Wind Mountain's foreclosure was invalid. The City further contends that the extension of the maturity date was never recorded in Bell County, and is therefore void. The City presumes that the bankruptcy order, and its extension of the maturity date, was effectively an extension agreement subject to section 16.037's recording requirements.

Following a bench trial, the trial court rendered judgment for the City. The court of appeals affirmed, holding the order was subject to section 16.037. *Wind Mountain*

*Ranch, LLC v. City of Temple,* 333 S.W.3d 602. The court of appeals noted that Texas registration laws "seek[ ] to require that the public records disclose all matters affecting land titles." *Id.* (internal citation omitted). The court further held that, although the *lis pendens* was constructive notice of the California bankruptcy proceeding, it was not actual notice. *Id.*

■ A party who sues to recover real property subject to a lien or who intends to foreclose on a lien encumbering real property must do so within four years of the date on which the cause of action accrues. TEX. CIV. PRAC. & REM.CODE § 16.035(a). "The party or parties primarily liable for a debt or obligation secured by a real property lien" may suspend the statute of limitations on the lien by executing a written extension agreement. *Id.* § 16.036(a). The Code further requires that any such agreements are to be filed in the county clerk's office and "signed and acknowledged as provided by law for a deed conveying real property." *Id.* § 16.036(b). An extension agreement is without effect against "a bona fide purchaser for value, a lienholder, or a lessee" who, "without actual notice of the agreement and before the agreement is acknowledged, filed, and recorded," deals with the real property that is subject to a lien. *Id.* § 16.037.

■ Guided by the principle that the words the Legislature uses are the clearest guide to its intent, we begin our analysis with the statute's plain language. *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex.2009). When the words of the statute are clear and unambiguous we interpret them according to their plain and common meaning. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008). That the Civil Practice and Remedies Code requires an extension *agreement* to be recorded is not in dispute;

however, its plain language imposes no such requirement on a bankruptcy court order. Tex. Civ. Prac. & Rem.Code §§ 16.035–.037. Neither can we say that an order issued by the bankruptcy court amounts to an agreement between the parties. *See id.* § 16.036(b). It necessarily follows that a bankruptcy court order need not be recorded to effectively extend a note's maturity date. The Code's requirements for recording an extension agreement are clear and unambiguous; we therefore decline to look beyond the statute's plain language. As such, the maturity date of the note was effectively extended to 1999. Wind Mountain foreclosed on the property before the statute of limitations lapsed, and its interest is superior to the City's.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment for Wind Mountain Ranch. Tex.R.App. P. 59.1, 60.2(d).