ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 20, 2012

The Honorable Kathryn H. Gurley
287th Judicial District Attorney
Bailey and Parmer Counties
Post Office Box 729
Friona, Texas   79035

Opinion No.  GA-0976

Re:   Whether a home-rule municipality may require sex offenders who reside within the city to register with the sheriff rather than with the chief of police   (RQ-1064-GA)

Dear Ms. Gurley:

You ask whether a home-rule municipality may require sex offenders who reside within the city to register with the county sheriff rather than with the municipality's chief of police.[1]

Chapter 62 of the Code of Criminal Procedure establishes and describes the sex offender registration program.  Article 62.051 thereof provides that "[a] person who has a reportable conviction or adjudication[2] or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West Supp. 2012).  "If the person does not reside or intend to reside in a municipality," the person must register "in any county where the person resides or intends to reside for more than seven days." *Id.*  The statute defines "local law enforcement authority" as "the office of the chief of police of a municipality, the office of the sheriff of a county in this state, or a centralized registration authority." *Id.* art. 62.001(2).  You explain that, for many years, the police department of the City of Muleshoe and the Bailey County Sheriff's Office have agreed that the sheriff's office "will act as the registration authority for both the City of Muleshoe and for Bailey County," and that "[s]ex offenders who reside within the city limits of Muleshoe are instructed to register with the Bailey County Sheriff's Office." Request Letter at 1.

It is well established that, when the words of a statute are clear and unambiguous, a court, and by extension this office, will construe them according to their plain and common meaning. *Wind*

---

[1]Letter from Honorable Kathryn H. Gurley, 287th Judicial Dist. Att'y, Bailey & Parmer Cntys., to Honorable Greg Abbott, Tex. Att'y Gen. (May 24, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

[2]Article 62.001 defines "reportable conviction or adjudication" and refers to eleven violations of the Penal Code encompassed within that definition. TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (West Supp. 2012).

*Mountain Ranch, LLC v. City of Temple*, 333 S.W.3d 580, 581 (Tex. 2010). Unless a strict interpretation of statutory language according to its plain meaning "yields an absurd or nonsensical result," courts will honor the Legislature's intent and reduce confusion "by giving legislators, the bar, and ordinary persons confidence that courts will interpret statutes to mean what they say." *Omaha Healthcare Ctr. v. Johnson*, 344 S.W.3d 392, 395 (Tex. 2011). It is evident from the plain language of article 62.051 that the Legislature has required cities, such as Muleshoe, to provide sex offender registration *only* in the office of the chief of police.[3] Thus, a municipality may not require a sex offender who resides within the limits of that municipality to register with the county sheriff rather than with the chief of police of the municipality.

You also ask whether article 62.0045 is applicable in the present instance. Request Letter at 2. That article, enacted in 2009, authorizes a commissioners court in a county with a population of 100,000 or more to designate the county sheriff, or, by interlocal agreement, the chief of police of a municipality within the county, to serve as a mandatory countywide registration location. *See* TEX. CODE CRIM. PROC. ANN. art. 62.0045 (West Supp. 2012). The population of Bailey County is significantly less than 100,000.[4] Thus, Bailey County is not authorized to establish a centralized registration authority. Likewise, in answer to the second part of your second question, because no statute authorized *any* county to establish a centralized registration authority prior to the enactment of article 62.0045, no court is likely to find that a county could have lawfully established a centralized registration authority prior to 2009.[5]

Finally, you inquire whether an offender may be prosecuted for failure to comply with the registration requirements designated in article 62.051(a): to register with the chief of police if a person resides within a municipality, or with the sheriff if the person resides outside a municipality. *See* Request Letter at 2. Although, as we have stated, you indicate that offenders living within the city limits of Muleshoe have been directed by their parole or probation officers to register with the office of the county sheriff, such a directive cannot overcome the provisions of the statute. Article

---

[3]We note that another provision of chapter 62 requires the Department of Public Safety to "determine which local law enforcement authority serves as the person's primary registration authority based on the municipality or county in which the person resides." TEX. CODE CRIM. PROC. ANN. § 62.004 (West Supp. 2012). In making those determinations, however, the Department must follow the specific registration requirements of article 62.051(a).

[4]*See* U.S. DEP'T OF COMMERCE, U.S. CENSUS BUREAU, State and County QuickFacts, *at* http://quickfacts.census .gov/qwfd/states/48/48017.html (Bailey County's population as of 2010 is 7,165).

[5]A brief submitted in response to this request contends that chapter 791 of the Government Code, which relates to interlocal cooperation contracts, would authorize the kind of agreement contemplated here. *See* Brief from John B. Dahill, Texas Conference of Urban Counties (July 24, 2012) (on file with Opinion Committee). But the mere existence of article 62.0045, authorizing interlocal agreements in counties with a population of 100,000 or more, indicates that the Legislature believes that express authority is required for such an agreement. *See United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (citing the "doctrine of *expressio unius est exclusio alterius*—the inclusion of a specific limitation excludes all others"). Moreover, this office has frequently stated that chapter 791 "does not extend a local government's criminal law enforcement authority beyond its jurisdiction." *See* Tex. Att'y Gen. Op. No. GA-0189 (2004) at 5–6; *accord* Tex. Att'y Gen. Op. Nos. GA-0150 (2004) at 5–6, JC-0219 (2000) at 5, JM-191 (1984) at 1.

62.102 provides that "[a] person commits an offense if the person is required to register and fails to comply with any requirement of [chapter 62]." TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2006). As we have noted in an earlier opinion, "[a] prosecuting attorney 'has great discretion in deciding whether, and which offenses, to prosecute.'" Tex. Att'y Gen. Op. No. GA-0765 (2010) at 1 (citing *U.S. v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008); *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004)). In that opinion, we stated the following:

> Courts recognize that prosecutorial decisions are ill-suited to judicial review because such decisions include consideration of factors involved in initiating a criminal case[, such as] the strength of the case, the case's deterrent value, and the government's enforcement priorities. Accordingly, courts afford prosecutorial decisions substantial deference.

*Id.* (citations omitted). The possibility that an individual will raise the defense that he was directed by his probation or parole officer to register with a law enforcement authority different from the one prescribed by statute is merely one factor involved in a prosecutor's determination about the strength of the case and thus falls within the scope of prosecutorial discretion. *See id.* at 2; *see also* Tex. Att'y Gen. Op. No. GA-0246 (2004) at 3 (recognizing difficulty in proving intent in circumstances of possible criminal offense under section 143.006, Local Government Code, and noting that "whether to proceed in such a case is a matter squarely within prosecutorial discretion"). We note, however, that, pursuant to section 8.03 of the Penal Code, it is an "affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon," *inter alia*, "(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question." TEX. PENAL CODE ANN. § 8.03(b) (West 2011).

## S U M M A R Y

A sex offender who resides within a municipality should register with the office of chief of police of the municipality, and a sex offender who resides outside the limits of a municipality should register with the county sheriff. A home-rule municipality may not require otherwise, unless the municipality is in a county with a centralized registration authority. A county with a population of less than 100,000 persons is not authorized to establish a centralized registration authority. Whether an offender may be prosecuted for failure to comply with sex registration requirements is a matter within a prosecutor's discretion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee