ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 18, 2012

The Honorable Jerry Patterson
Commissioner
Texas General Land Office
Post Office Box 12873
Austin, Texas 78711-2873

Opinion No. GA-0931

Re: Authority of the Comptroller of Public Accounts to commit the expenditure of funds from the Major Events Trust Fund (RQ-1019-GA)

Dear Commissioner Patterson:

You ask about the authority of the Comptroller of Public Accounts (the "Comptroller") to expend funds from the Major Events Trust Funds (the "METF").[1]

Section 5A of article 5190.14 describes the process by which the Comptroller may expend funds for an "event," which is defined to include "a Formula One automobile race." TEX. REV. CIV. STAT. ANN. art. 5190.14, § 5A(a)(4) (West Supp. 2011). The process must be initiated by either a county, a municipality, or a local organizing committee that "is a party to an event support contract," defined as "a joinder undertaking, joinder agreement, or a similar contract executed by a local organizing committee, an endorsing municipality, or an endorsing county, and a site selection organization." *Id.* § 5A(a)(1)–(3), (b). A "site selection organization" includes "the national governing body of a sport that is recognized by," *inter alia*, "Formula One Management Limited." *Id.* § 5A(a)(5)(B).

A site selection organization selects a site for an event in the state "pursuant to an application by a local organizing committee, endorsing municipality, or endorsing county." *Id.* § 5A(b). "[U]pon request of a local organizing committee, endorsing municipality, or endorsing county, the comptroller shall determine for a one-year period that begins two months before the date on which the event will begin, in accordance with procedures developed by the comptroller . . . the incremental increase" in receipts from certain taxes. *Id.* § 5A(b)(1–5). Under section 5A(b-1), a "request for a determination of the amount of incremental increase in tax receipts specified by Subsection (b) . . . must be submitted to the comptroller not earlier than one year and not later than three months before the date the event begins." *Id.* § 5A(b-1). The Comptroller is required to base the determination of the incremental increase in tax receipts "on information submitted by the local

[1]Letter from Honorable Jerry Patterson, Comm'r, Tex. Gen. Land Office, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Nov. 22, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

organizing committee, the endorsing municipality, or endorsing county, and must make the determination not later than the 30th day after the date the comptroller receives the request and related information." *Id.* Thus, the statute requires the Comptroller to perform a substantial economic analysis before funds from the METF may be committed to an event. *See id.* § 5A(a-1). However, "[t]he comptroller may not undertake any of the responsibilities or duties set forth in [section 5A] unless a request is submitted by the municipality or the county in which the event will be located." *Id.* § 5A(p). "The request must be accompanied by documentation from a site selection organization selecting the site for the event." *Id.*

Your request letter indicates that the Comptroller sent a letter to Formula One World Championship Limited ("FOWC") on May 10, 2010, certifying that, "[w]ith the understanding that the first Formula [One] United States Grand Prix race will be held in Texas in 2012, full funding of the entire sanction for 2012 will be paid . . . no later than July 31st, 2011," and that, in years two through ten, "we will be sending $25 million dollars . . . to FOWC by the end of July 31st of each year preceding the actual race event." Request Letter at 1–2. You contend that as of the date of the letter, "no local organizing committee, endorsing municipality, or endorsing county had submitted a request to determine the incremental tax increase that would result from the event"; that "no determination of the incremental tax increase had been completed"; and that "the market area that is likely to experience measurable economic impact had not been established." *Id.* at 2. A brief received from the Comptroller's office disputes your allegations and contends that "every action taken to date by the Comptroller and her staff has been fully compliant both with the statutes and the METF rules."[2]

Section 5A of article 5190.14 sets out in plain language the steps that must be taken before the Comptroller may "undertake any of the responsibilities or duties set forth" in subsection (p) of section 5A. TEX. REV. CIV. STAT. ANN. art. 5190.14, § 5A(p) (West Supp. 2011). *See Wind Mountain Ranch, LLC v. City of Temple*, 333 S.W.3d 580, 581 (Tex. 2010) (observing that "the words the Legislature uses are the clearest guide to its intent"). The Comptroller is required to follow the precise procedures described in the statute before undertaking any of the responsibilities or duties set forth in section 5A. Whether the Comptroller undertook any of the responsibilities or duties set forth in section 5A is the subject of a factual dispute. Briefing submitted to this office argues that the Comptroller's May 10, 2010 letter was "merely an effort to indicate broad support." Brief at 3. In contrast, your request letter suggests that the Comptroller's letter improperly committed funds to the event. Request Letter at 3. Consequently, the facts upon which this office has been asked to opine are disputed, and contested issues of fact are not amenable to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0750 (2009) at 2.

---

[2]Brief from Ashley Harden, Gen. Counsel, Comptroller of Pub. Accounts, to Tex. Att'y Gen. at 3 (Dec. 22, 2011) (on file with the Op. Comm.) ("Brief").

## S U M M A R Y

Before undertaking any of the responsibilities or duties set forth in section 5A of article 5190.14 of the Texas Revised Civil Statutes regarding the expenditure of funds from the Major Events Trust Fund, the Comptroller of Public Accounts is required to follow the precise procedures described in section 5A. Whether she in fact did so requires a resolution of facts not amenable to the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee